COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-413-CR

 

 

RICHARD MICHAEL MANGELLI                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. Introduction

In two issues, Appellant
Richard Michael Mangelli appeals the circumstances of his guilty plea to a
two-count indictment.  We affirm.

 

 








II. Background

On the day of the offense,
Mangelli, carrying a shotgun, a pistol, and ammunition, burst through the front
door of the house where his two children lived with their mother Michelle
Davis.  Davis confronted Mangelli, took
the shotgun from him, and pushed him out the front door.  Mangelli re-entered the house carrying the
pistol and struggled with Davis.  During
the struggle Mangelli shot Davis in the arm. 
Davis then fled and Mangelli shot her again, this time in the back.

Mangelli then attempted to
load his two children into his minivan, but was confronted by the children=s half-brother, who told him to leave. 
Mangelli left the scene in his minivan without his children.  As Mangelli was leaving, the police arrived
and attempted to stop him.  Mangelli
refused to stop, but eventually was halted in a parking lot.  Mangelli was arrested and taken to the
hospital.

Trial counsel filed a notice
of intent to present insanity as a defense, and the State filed a motion for a
competency examination.  Mangelli was
evaluated by a trained professional, Dr. Martin, and found competent to stand
trial by the trial court.








Mangelli pleaded guilty to
the charges and elected to have a jury to determine punishment.  During the hearing on the guilty plea,
counsel informed the court that a psychiatrist had prescribed Mangelli medication,
but Mangelli had not been receiving his medication while incarcerated.  When the court asked if this was a problem,
Mangelli=s trial counsel responded, 

[N]ot
that I can tell.  I=ve
been able to communicate with Mr. Mangelli. 
I think he has a rational as well as factual understanding of the nature
of the charges against him.  I think he
understands those charges.  He
understands the fact situation.  I think
he knowingly and intelligently and voluntarily enters a plea of guilty on this
case.

 

Mangelli also told the trial court that he had
been able to understand his attorney=s advice, and he then entered his plea of guilty.

The jury assessed punishment
at thirty years= confinement
and a $1000 fine for the burglary of a habitation charge and two years= confinement and a $1000 fine for the evading arrest charge.

III. Discussion

Mangelli now appeals his
guilty plea claiming (1) that plea was not voluntary and (2) that the trial
court should have halted the proceedings and ordered another competency
examination upon notification that Mangelli had been under the care of a psychiatrist
who had prescribed medication that he was not receiving while incarcerated.








We review a trial court=s decision not to conduct a competency hearing for an abuse of
discretion.  See Moore v. State,
999 S.W.2d 385, 393 (Tex. Crim. App. 1999), cert. denied, 530 U.S. 1216
(2000).  A trial court abuses its
discretion if its decision is arbitrary or unreasonable.  Lewis v. State, 911 S.W.2d 1, 7 (Tex.
Crim. App. 1995).

Article 46B.004 of the Texas
Code of Criminal Procedure is titled ARaising Issue of Incompetency to Stand Trial@ and provides,

(a) Either party may suggest by motion, or the
trial court may suggest on its own motion, that the defendant may be
incompetent to stand trial.  A motion
suggesting that the defendant may be incompetent to stand trial may be
supported by affidavits setting out the facts on which the suggestion is made.  

 

(b) If evidence suggesting the defendant may be
incompetent to stand trial comes to the attention of the court, the court on
its own motion shall suggest that the defendant may be incompetent to stand
trial.  

 

(c) On suggestion that the defendant may be incompetent
to stand trial, the court shall determine by informal inquiry whether there is
some evidence from any source that would support a finding that the defendant
may be incompetent to stand trial.  

 

(d) If the court determines there is evidence to
support a finding of incompetency, the court, except as provided by subsection
(e) and Article 46B.005(d), shall stay all other proceedings in the case.  

 








Tex. Code Crim. Proc. Ann. art. 46B.004(a)B(d) (Vernon Supp. 2006).  If, under subsection (b), evidence comes to
the trial court=s attention
suggesting that the defendant may be incompetent to stand trial, then, under
subsection (c), the trial court is required to determine by informal inquiry
whether there is some evidence that would support a finding that the defendant
may be incompetent to stand trial.  Id.

A person is incompetent to
stand trial if he does not have sufficient present ability to consult with his
lawyer with a reasonable degree of rational understanding or lacks a rational
and factual understanding of the proceedings against him.  Id. art. 46B.003(a)(1)(2).  If, after an informal inquiry, the court
determines that evidence exists to support a finding of incompetency, the court
shall order an examination to determine whether the defendant is incompetent to
stand trial.  Id. art. 46B.005(a).


When Dr. Martin examined
Mangelli and determined him competent, Mangelli had been incarcerated and not
been taking his medication.  Thus, in the
opinion of a trained professional, Mangelli=s lack of medication had not rendered him incompetent.  Moreover, Mangelli=s trial counsel had no reservation about Mangelli=s competency and ability to consult with him. Furthermore, in response
to the trial court=s inquiries,
Mangelli stated he was able to understand the written plea admonishments and
that he had understood his attorney=s advice.








After reviewing the entire
record, we cannot say that the trial court abused its discretion by failing to
conduct further inquiry into Mangelli=s competency.  See  Lawrence v. State, 169 S.W.3d 319, 322
(Tex. App.CFort Worth
2005, pet. ref=d).  The trial court=s informal inquiry set forth above established that Mangelli was not
incompetent to stand trial due to lack of medication, that he understood the
charges he was facing, that he had been able to communicate in a meaningful way
with his attorney, that an ex parte evaluation had found him competent to stand
trial, and that his own counsel had no question about his competence to stand
trial.  The informal competence inquiry
conducted by the trial court satisfied Chapter 46B.  Although the trial court certainly could have
conducted a more detailed inquiry, the inquiry it did conduct was not so
deficient that it constituted an abuse of discretion.  See Lewis, 911 S.W.2d at 7.

IV. Conclusion

We overrule Mangelli=s two issues and affirm the trial court=s judgment.

 

 

PER CURIAM

 

PANEL F:    MCCOY, J; CAYCE, C.J.; and LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 19, 2006

 

 

 











[1]See Tex. R. App. P. 47.4.